NO. 07-07-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2008

______________________________


WILLIAM JAMES MORRELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 181ST DISTRICT COURT, POTTER COUNTY;

NO. 53,106-B; HONORABLE JOHN B. BOARD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER REINSTATING APPEAL
          Appellant, William James Morrell, perfected this appeal to challenge the trial court’s
judgment dated October 30, 2007. On April 25, 2008, this appeal was dismissed pursuant
to Rule 25.2(d) of the Texas Rules of Appellate Procedure because Appellant failed to file
a certification of the defendant’s right of appeal after being afforded a reasonable
opportunity to correct the defect. Pending before this Court is Appellant’s Motion for
Rehearing / Reinstatement. Attached to the motion is a copy of the Trial Court’s
Certification of Defendant’s Right of Appeal which Appellant contends was filed with the
District Clerk at 1:58 p.m. on April 25, 2008. Without requiring a response or entertaining
oral arguments, we grant the motion, withdraw our opinion and judgment of April 25, 2008, 
and reinstate the appeal.
            Following dismissal of this appeal, all appellate timetables were rendered moot.
Pending before the Court at the time of dismissal was the District Clerk’s motion for
extension of time to file the clerk’s record. That motion is now granted and the clerk’s
record is due on June 16, 2008. Appellant’s and Appellee’s briefs will remain due in
accordance with Rule 38.6.
          It is so ordered.
                                                                           Per Curiam



he was not aware of her presence, she was able to observe the
burglar’s profile for about a minute and a half. She then yelled at the burglar, catching his
attention, and observed him face-to-face for another 45 seconds. The burglar fled the
scene and Jobe pursued him for half a block. While pursuing the burglar, she called 9-1-1
and described the man and identified the direction he was running. 
          No more than thirty minutes after Officer Herrera was dispatched to investigate the
burglary call, he encountered appellant, who matched the description of the burglar, in an
alley about a block and a half or two blocks from Jobe’s home. Herrera told appellant that
he was going to place him in the patrol car and transport him to a different location for
identification, at which time, appellant stated, “I’ll tell you the truth. I tried to break into the
house.”Herrera took appellant back to Jobe’s home for a “showup.” Upon arriving at Jobe’s
house, Herrera told Jobe that “I need you to identify the man and then step away from the
car.” Jobe approached the patrol car, observed appellant, and told the officers, “That’s
him. He’s the one.” Appellant was then placed under arrest and transported to jail by
another officer on the scene.
          At trial, appellant filed a motion to suppress both the showup identification and the
statement he made to Herrera. Following a jury trial, appellant was convicted of burglary
of a habitation, enhanced by a 1985 felony conviction of burglary of a habitation, and
sentenced to 45 years confinement in the Institutional Division, Texas Department of
Criminal Justice. In his appeal, appellant does not challenge the trial court’s denial of his
motion to suppress the statement he made to Herrera. Therefore, the statement is before
the appellate court for all purposes. In his sole point of error, appellant challenges only the
trial court’s denial of his motion to suppress his pretrial identification by Jobe, claiming that
the impermissibly suggestive pre-trial identification procedure utilized tainted the in-court
identification of appellant in violation of the Due Process Clause of the 14th Amendment
of the United States Constitution. 
Standard of Review
Whether the trial court erred in admitting into evidence a witness’s identification of
the accused involves a mixed question of law and fact. Loserth v. State, 963 S.W.2d 770,
772 (Tex.Crim.App. 1998). Great deference is given to the trial court’s resolution of the
historical facts pertinent to the case; however, whether the historical facts render the
identification unreliable is reviewed de novo. Id. at 772-74. Thus, the appellate court need
not grant deference to the trial court’s determination that the “historical facts compelled or
supported the decision to admit or exclude the evidence.” Benitez v. State, 5 S.W.3d 915,
921 (Tex.App.–Amarillo 1999, pet. ref’d). 
 
Law and Analysis
          The court makes two inquiries in determining whether a pre-trial identification should
be excluded: (1) whether the police used an impermissibly suggestive pre-trial identification
procedure in obtaining the out-of-court identification, and (2) if so, whether, under all the
circumstances, there was a very substantial likelihood of irreparable misidentification. 
Manson v. Brathwaite, 432 U.S. 98, 107, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). 
          The first inquiry in determining whether appellant’s due process rights were violated
is whether the police used an impermissibly suggestive procedure in obtaining the out-of-court identification. Id. Upon apprehending appellant, Herrera brought him back to the
scene, seated in the back of the patrol car in handcuffs, and instructed Jobe that all she
needed to do was identify him and get away from the car. Jobe testified that she
approached the car, looked in, examined appellant, and then identified him with “no doubt,”
based on his facial features and with “no influence in identifying him from anyone involved.” 
In the present case, appellant asserts that, “this case should turn on the
impermissibly suggestive pre-trial identification alone.” However, to show that the
statement made by Herrera was impermissibly suggestive, appellant relies solely on the
holding in Delk v. State, 855 S.W.2d 700, 706 (Tex.Crim.App. 1993). Appellant asserts
that, in Delk, the court held that a single picture shown to a witness was an impermissibly
suggestive method of identification. Id. Therefore, the appellant reasons that the method
used by Herrera, whereby only a single individual was shown to Jobe, was similarly
impermissibly suggestive. However, appellant misstates the Delk court’s holding. The
Delk court did not conclusively determine that identification by a single picture was
impermissibly suggestive; rather, it held only that the single picture coupled with the
statements of the police made it “possible” that this procedure impermissibly suggested
that the Sheriff believed the person in the photo killed the witness’s husband. Id. The Delk
court went on to say that, even if this method was impermissibly suggestive, this does not
end the inquiry. Id. at 706. The court must also address whether there was a substantial
likelihood of irreparable misidentification. Id.
Under Delk, Herrera’s method, whereby only a single individual was shown to Jobe,
coupled with Herrera’s statement, made it “possible” that this procedure impermissibly
suggested that Herrera believed the person in the backseat of the squad car was the
burglar. However, as appellant cites no further authority to support his assertion that “this
case should turn on the impermissibly suggestive pre-trial identification alone,” under Delk,
even if it is “possible” that Herrera’s method was impermissibly suggestive, this does not
end the inquiry. The court must also address whether there was a substantial likelihood
of irreparable misidentification.
Because under Delk it is only “possible” that the procedure was impermissibly
suggestive, the question thus becomes whether, under the totality of the circumstances,
the identification was reliable despite the suggestive nature of the confrontation’s
procedure. Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d. 401 (1972). The
following five factors should be “weighed against the corrupting effect of any suggestive
identification procedure in assessing reliability under the totality of the circumstances”: (1)
the opportunity of the witness to view the criminal at the time of the crime, (2) the witness’s
degree of attention, (3) the accuracy of the witness’s description of the criminal, (4) the
level of certainty demonstrated by the witness at the confrontation, and (5) the length of
time between the crime and confrontation. Id. at 199-200.
          Jobe had the opportunity to view the burglar’s profile during the minute and a half
that she witnessed him coming out of the backdoor of her house. After catching his
attention, she viewed him face-to-face for an additional 45 seconds, at which time, Jobe
testified that she was so close that she “could have tackled him.” Furthermore, Jobe
pursued the burglar for about half a block before terminating her pursuit, giving her
additional time to observe his clothing.
          Appellant asserts that nothing in the record indicates that Jobe had a heightened
degree of attention to the details of the burglar. However, after receiving the call from her
alarm company, Jobe had reason to believe that someone had entered her house through
the backdoor. Upon arriving at the backdoor of her home, she observed the burglar for the
minute and a half that he was unaware of Jobe’s presence, as well as for the 45 seconds
after Jobe confronted him. Furthermore, Jobe described the burglar and the direction in
which he was fleeing to the 9-1-1 operator as she was in pursuit of him. Thus, the record
indicates that, from the time Jobe received the phone call from the alarm company, she
had a heightened degree of attention that continued throughout her observation, pursuit,
and description of the burglar. 
Jobe described the burglar to the 9-1-1 operator as a “skinny black male, about 5’9”,
with short black hair wearing a gray shirt and gray shorts with a thin white band running
across the bottom of his shorts. Appellant asserts he was “dressed somewhat differently
at the time he was encountered by law enforcement” than the description of the burglar
that Jobe gave because he had a small silver band going around the bottom of his shorts. 
However, Jobe’s description of the burglar’s physical features, the direction in which he
was fleeing, and his clothing, other than the color of the band on the bottom of his shorts,
was sufficiently accurate to ensure no irreparable mistaken identity.
When appellant was brought to Jobe’s home, Jobe testified that she looked in the
police car, observed the man, looked at his pants, knew he was the burglar and, with “no
doubt,” immediately indicated to police, “that’s him. He’s the one.” Appellant contends that
Herrera’s statement that he needed Jobe to identify the man and then step away from the
car was enough to suggest to Jobe that appellant was the burglar. Jobe testified that she
recognized the burglar based on her observations of him and that she “had no influence
[in] identifying him from anyone involved.” We construe Herrera’s request that Jobe
identify the man and then step away from the car as instructions to Jobe and not as a
suggestion regarding whether appellant was the burglar so as to affect Jobe’s level of
certainty. Herrera never made any statements suggestive that he believed appellant to be
the burglar; only that Jobe was to look into the car and determine whether this person, who
matched the description she gave in the 9-1-1 call, was the person she saw coming out of
her backdoor. 
Jobe and appellant are in agreement that the length of time between Jobe’s
encounter with the burglar and appellant’s apprehension was no more than 30 minutes. 
The record supports an even shorter length of time between the 11:36 a.m. 9-1-1 call, the
11:39 a.m. dispatch of Herrera, his two to three minute encounter with appellant a block
and a half to two blocks away from Jobe’s house, and his immediate return to Jobe’s
house to conduct the showup. Regardless, the lapse of time between Jobe’s viewing of
the burglar and her identification of appellant was insufficient for Jobe to forget the
burglar’s facial features or physical characteristics and to result in irreparable mistaken
identification. 
Having considered the factors for the determination of reliability of a suggestive
identification procedure under the totality of the circumstances, we find that the showup
procedure used by Herrera did not result in irreparable mistaken identification. 
Furthermore, appellant does not appeal the denial of the motion to suppress his statement
to Herrera that “I’ll tell you the truth. I tried to break into the house."  Therefore, this issue
is before the court for all purposes, including the identification of appellant and evaluation
of harm. Even assuming arguendo that the trial court judge erred in admitting the showup,
appellant does not assert that the trial court erred in admitting his inculpatory statement,
and, thus, we find no harm. 
 
 
 
 
Conclusion
          For the foregoing reasons, we affirm the judgment of the trial court. 
 
                                                     Mackey K. Hancock
Justice
  



Publish.